UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.

Case No. 08-CV-14713
HON. GEORGE CARAM STEEH

NOBLE METAL PROCESSING,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY (#14) AND RE-OPENING CASE

Plaintiff Equal Employment Opportunity Commission ("EEOC") moves to set aside this court's April 27, 2009 Order for Administrative Closing Due to Bankruptcy Stay. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

EEOC, on behalf of Robert Bailey, Leslie Carter, Roshawn Ellis, James Edwards, Ernest Greer, Sean Lyte, Shah Qureshi, Leonza Pickett, and a class of similarly situated non-white employees, filed a November 17, 2008 complaint alleging race discrimination and unlawful retaliation against Nobel Metal Processing ("NMP") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.. On April 7, 2009, the court entered a stipulated order staying these proceedings to facilitate mediation, scheduled for June 8, 2009. On April 27, 2009, the court entered the Order for Administrative Closing Due to Bankruptcy Stay pursuant to notice that "[t]his case has been stayed in bankruptcy filed in

the United States Bankruptcy Court, Eastern District of Michigan, Bankruptcy Petition No. 08-51720-mbm[1]."

EEOC moves to set aside the April 27, 2009 Order arguing it did not stipulate to its entry, and that the EEOC is exempt from an automatic bankruptcy stay pursuant to 11 U.S.C. § 362(b)(4), which provides in pertinent part:

> The filing of a petition under 301, 302, or 303 of this title . . . does not operate as a stay – under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

Defendant NMP responds that the EEOC's complaint seeks monetary damages for back pay and past and future pecuniary losses, and therefore the stay exception of § 362(b)(4) is inapplicable because the EEOC is attempting to enforce "a money judgment." NMP also argues that injunctive and declaratory relief is not available to the EEOC because the subject NMP facility where the individual plaintiffs work is now closed. NMP asserts that the decision whether to lift the stay is for the Bankruptcy Court to decide.

NMP's arguments are without merit. "[W]hen EEOC sues to enjoin violations of Title VII or ADEA and seeks reinstatement of victims of alleged discrimination and adoption of an affirmative action plan in a Title VII case, and couples these prayers for relief with a claim of back pay, EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment." EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. 1987). See also EEOC v. Guerdon Industries, 76 B.R. 102, 103 (W.D. Ky. 1987) (quoting EEOC v. Rath Packing Co., 787 F.2d

---

[1] EEOC informs the court that the case number is actually 09-51720-mbm.

318, 325 (8th Cir. 1986) and holding on reconsideration that § 362(b)(4) did not stay EEOC's motion for default judgment against employer).  EEOC has not yet obtained a money judgment against NMP, and will be subject to the automatic stay only *after* it has secured a money judgment.  McLean Trucking, 834 F.2d at 402.  NMP's argument that declaratory and injunctive relief is no longer available at its Michigan plant is irrelevant to the issue of whether EEOC is exempt from an automatic bankruptcy stay.  NMP's argument that the Bankruptcy Judge must decide whether to lift the automatic bankruptcy stay is without merit. § 362 contains no such requirement.  NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 940-41 (6th Cir. 1986).  Accordingly,

EEOC's motion to set aside the court's April 27, 2009 Order for Administrative Closing Due to Bankruptcy Stay (# 13) is hereby GRANTED.  The Order is hereby VACATED, and this case is hereby REOPENED.

SO ORDERED.

Dated:  June 29, 2009

>s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk