**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

NOBLE METAL PROCESSING INC.,

Defendant.

___________________________________/

Case No. 2:08-CV-14713-GCS
Hon. George Caram Steeh
Magistrate Judge Donald A. Scheer

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA D. CAMPBELL (P58768)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Counsel for Plaintiff
477 Michigan Ave., Room 865
Detroit, Michigan 48226
(313) 226-3410/6584 (fax)
Nedra.Campbell@eeoc.gov

THERESA S. LLOYD (P29963)
PLUNKETT & COONEY
38505 Woodward Ave. Ste 2000
Bloomfield Hills, Michigan 48304
Counsel for Defendant
(248) 901-4005/4040 (fax)
Tlloyd@plunkettcooney.com

___________________________________/

## CONSENT DECREE

This action was commenced by the Equal Employment Opportunity Commission (“Commission” or “EEOC”) against Noble Metal Processing, Inc. (“Defendant”) under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The Commission's action was brought to correct unlawful employment practices on the basis of race and retaliation. More specifically, in its complaint, the Commission alleged that Defendant subjected Robert

Bailey, Leslie Carter, Roshawn Ellis, James Edwards, Ernest Greer, Sean Lyte, Shah Qureshi, and Leonza Pickett (hereinafter referred to as the "Charging Parties") to unlawful discrimination by denying them promotional opportunities on the basis of their race (African American and Asian/Pacific Islander). The Commission further alleged that Defendant retaliated against Lyte because he filed a Charge of Discrimination by subjecting him to disparate terms and conditions regarding an offer of promotion. Also, the Commission alleged that Defendant retaliated against Mark Louks (hereinafter included and referred to as the "Charging Parties"), a Caucasian employee, by terminating his employment for opposing race discrimination.

Since the filing of this Complaint, Defendant has filed for bankruptcy and closed the plant where these employees were formerly employed. Given these circumstances, the Commission and Defendant agree that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the parties that this Decree be a final and binding settlement in full disposition of the claims alleged above.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree; and (3) this Decree fully and finally resolves all matters in controversy or claims and issues arising out of the Complaint, including any charges of discrimination filed by the above individual Charging Parties, as provided in the paragraphs below.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED:

**MONETARY RELIEF**

1. Defendant agrees to pay monetary relief in the sum total of $ 190,000.00 to the Charging Parties. This payment is being made pursuant to the stipulation and order entered in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, Case No. 09-51720-MBM, on August 25, 2009. The total settlement fund shall be distributed to the Charging Parties on whose behalf the Commission sought relief.

2. The Commission shall have ten (10) days from the date this Consent Decree is entered by the Court to report to the Court on the proposed distribution of settlement funds, procedures for the Charging Parties' notification and a fairness hearing. Within ten (10) days of the issuance of a Court Order approving or modifying the Commission's proposed distribution of settlement funds, the Commission will notify each Charging Party of the proposed distribution, the requirement of signing a release to receive an award from the settlement fund, the requirement of keeping the Commission informed of any address changes, and the procedures for objecting to the proposed distribution. If no objections are filed with the Court, the Court will issue an Order approving the distribution of the settlement fund to the Charging Parties ("Final Order on Distribution"). If objections are filed, the Court will hold a fairness hearing before issuing the Final Order on Distribution.

3. Within thirty (30) days after the Court has issued the Final Order on Distribution, Defendant shall make payment directly to each of the Charging Parties via certified mail, return receipt requested, at addresses provided by the Commission. Within thirty (30) days after payment has been made, Defendant shall mail a copy of each check to Laurie Young,

Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

**DURATION**

4. Absent extension, this Decree shall expire by its own terms ninety (90) days after proof of payment has been received by the EEOC.

**DISPUTE RESOLUTION AND COMPLIANCE**

5. This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give each other ten (10) days notice before moving for such review. All parties may conduct discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance. Should the Court determine that Defendant has not complied, the Court may order appropriate relief including extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

**MISCELLANEOUS**

6. Each party will bear its own costs and attorney's fees.

7. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

8. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon in writing and signed by the parties.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

s/Nedra Campbell
NEDRA CAMPBELL (P58768)
Trial Attorney
DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410

Dated: 05/24/2010

**NOBLE METAL PROCESSING, INC.**

s/ Theresa Lloyd
THERESA S. LLOYD (P29963)
PLUNKETT & COONEY
Counsel for Defendant
38505 Woodward Ave. Ste 2000
Bloomfield Hills, Michigan 48304
(248) 901-4005/4040 (fax)

Dated: 05/24/2010

**IT IS SO ORDERED:**

**s/George Caram Steeh**
Hon. George Caram Steeh
United States District Judge

Date: May 25, 2010